IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-65-TAV-DCP |
| | ) | |
| DARRON D. BLACKWELL, | ) | |
| TABETHA L. DAVILA, and | ) | |
| DARIUS L. KNOX, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On July 16, 2019, the Government filed a Motion to Amend Alleged Victim's Initials in Count 24 and Offense Date in Count 25 of the Superseding Indictment [Doc. 216]. Count Twenty-four of the Superseding Indictment [Doc. 99] charges Defendants Darron D. Blackwell and Tabetha L. Davila with distributing fentanyl and heroin on January 24, 2019. This count gives notice of an enhanced penalty based upon the alleged overdose death of an individual identified by the initials "S.H.E." The Government states that all testimony before the grand jury and discovery provided to Defendants identifies this individual as "S.R.E." The Government asks the Court to correct this erroneous middle initial.

Count Twenty-five charges Defendant Darius L. Knox with receipt of a firearm "on or about July 22, 2019," by an individual under indictment. The Government states that this date, which had yet to occur at the time the indictment was sought, was caught by the grand jury and corrected to April 22, 2019. However, according to the Government, although the corrected date

of April 22, 2019, was then presented to the Grand Jury, the erroneous date of July 22, 2019, was included in the version of the Superseding Indictment that was filed in this case. The Government asks the Court to correct this erroneous date in Count Twenty-five. The Government states that the Defendants are not prejudiced by these requested corrections and that they are on notice of the correct initials and date through discovery.

The Defendants responded that they have no objection to the requested amendments. Defendants Davila [Doc. 246] and Blackwell [Doc. 247] do not object to the amendment of the initials "S.H.E." to "S.R.E." in Count Twenty-four. Defendant Knox has no objection to amending the date in Count Twenty-five from "July 22, 2019," to "April 22, 2019."

The purpose of an indictment by a grand jury is "to limit [an individual's] jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Stirone v. United States*, 361 U.S. 212, 218 (1960). An indictment returned by a grand jury preserves three constitutional rights held by the accused: (1) the right to fair notice of the charges, (2) the protection against double jeopardy, and (3) the right to have a grand jury find probable cause for felony charges. *Russell v. United States*, 369 U.S. 749, 763-70 (1962). In light of these protections, it is "the settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a *matter of form*." *Id.* at 770 (emphasis added); *see also Faust v. United States*, 163 U.S. 452, 454 (1896) (affirming the denial of a motion to quash the indictment for the misspelling of the defendant's name). Our appellate court has upheld an amendment of an indictment to correct a clerical error as a change that is a "matter of form." *Short v. United States*, 471 F.3d 686, 693 (6th Cir. 2006); *see also United States v. Rosenbaum*, 628 F. App'x 923, 929-30 (6th Cir. 2015) (affirming three amendments to the indictment—the name of a credit card company, the date, and the name of a

loan package—because they were clerical errors), *cert. denied*, 136 S. Ct. 866 (2016).

The Court finds that changing the middle initial of the individual alleged in the sentencing enhancement in Count Twenty-four and the date in Count Twenty five to be corrections that are matters of form. Neither change alters the terms of the charged offenses against the Defendants. *See United States v. Lake*, 985 F.2d 265, 271 (6th Cir. 1993) (determining that the court's correction of a typographical error in a citation to a statute "did not constitute an impermissible amendment of the indictment because it did not alter the charging terms"). Our appellate court has listed altering a defendant's name in an indictment as an "innocuous correction[.]" *Short*, 471 F.3d at 694 (citing *United States v. McGrath*, 558 F.2d 1002, 1104-05 (2de Cir. 1977). The undersigned finds changing the middle initial of the alleged victim is similar to correcting the name of the defendant, particularly as here where the Government represents that all testimony presented to the Grand Jury and discovery provided to the defense involved the alleged victim with the corrected initials of S.R.E. In *United States v. Sissom*, the court held that changing the year in the date alleged for the crime was a typographical error that could be corrected upon a motion to the court. 861 F.2d 722 (table) (6th Cir. Nov. 3, 1988) (unpublished).

Additionally, the Court finds that the changes proposed by the Government do not prejudice the Defendants, who are aware from both from the Government's motion and the discovery, of the correct initials and date. The Defendants themselves have no objection to the corrections.[1] *See Short*, 471 F.3d at 695 (reasoning that a defendant may agree to an amendment to the indictment just as the defendant may waive the right to an indictment by a grand jury). These factors further support a finding that the changes requested in this case are matters of form.

---

[1] The Court notes that Defendant Davila has entered into a plea agreement [Doc. 207] in which she agrees to a factual basis that includes distributing controlled substances to an individual, who in turn provided them to Shannon R. Eickelberger, who overdosed and died.

The Court finds the Government's Motion to Amend Alleged Victim's Initials in Count 24 and Offense Date in Count 25 of the Superseding Indictment is well taken, and it [**Doc. 216**] is **GRANTED**. The Court **ORDERS** that "S.H.E." be amended to 'S.R.E.' in Count Twenty-four and "July 22, 2019" be amended to "April 22, 2019" in Count Twenty-five. The Government is **DIRECTED** to file a Bill of Particulars setting out Counts Twenty-four and Twenty-five in full, amended in compliance with this Memorandum and Order, within fourteen (14) days of the entry of this Memorandum and Order.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge