IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-65-TAV-DCP |
| | ) | |
| DAMION E. KNOX, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Damion E. Knox's Motion to Continue Trial and Plea Deadline [Doc. 358], filed under seal on December 31, 2019. The parties appeared before the undersigned for a motion hearing on the motion to continue the trial and schedule. Assistant United States Attorney Brent Nelson Jones appeared on behalf of the Government. The following defense counsel represented the Defendants: Attorney A. Philip Lomonaco for Defendant Damion Knox; Attorney John Christopher Barnes appeared for Attorney Stephen G. McGrath, who represents Defendant Jeremiah Johnson; Attorney John E. Eldridge for Defendant Papa C. Diop; Attorney Jessica Chambers McAfee for Defendant Virgil L. Crawford; Attorney Ruth Thompson Ellis for Defendant Shadeja T. Chandler; Attorney Joseph Oren McAfee for Defendant Maranda M. Jordan; Attorney Kevin Angel for Defendant Ciara M. Reynolds; and Attorney Francis L. Lloyd, Jr., for Defendant Darron D. Blackwell. Defendants Damion Knox, Diop, Crawford, Jordan, and Blackwell were also present.[1]

---

[1] Defendant Johnson's request to be excused from the hearing was granted. Defendants Chandler and Reynolds also did not appear.

Without disclosing the specific, confidential information in the sealed motion, the Court notes that it substituted [Doc. 33] new court-appointed counsel for Defendant Damion Knox on December 5, 2020. New counsel filed the motion, because he needed additional time to review discovery, research legal issues, and to prepare the case for trial. The motion requests a trial date in summer 2020 and states that the Government takes no position on the motion. On January 30, 2020, the undersigned again substituted [Doc. 376] counsel for Defendant Damion Knox and permitted new retained counsel Attorney A. Philip Lomonaco to adopt the motion to continue. At the motion hearing on the following day, Mr. Lomonaco said a substantial continuance is necessary in this case, because he has just been retained, he has not yet received discovery,[2] and the number and serious nature of the charges indicate that additional time is necessary for him to prepare for trial. Defendants Johnson, Crawford, Chandler, Jordan, and Reynolds did not object to a trial continuance, and Defendant Blackwell took no position.

Mr. Eldridge stated that while he appreciated Mr. Lomonaco's position, Defendant Diop objects to continuing the trial of this case again. He said that Defendant Diop did not want to delay trial further.

AUSA Jones said the Government did not oppose the motion to continue the trial. The parties agreed on August 4, 2020, as a date available to all.

The Court finds Defendant Knox's motion to continue the trial to be well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the charges in this case are extensive. The Superseding Indictment [Doc. 99] charges twenty-three Defendants with conspiring to distribute and possess with intent to distribute

---

[2] Mr. Lomonaco noted that prior counsel had mailed the discovery to him, and he expected to receive it soon.

heroin and fentanyl (Count One), over nearly one year. Defendants Damion Knox, Johnson, Chandler, Jordan, and others are charged with money laundering during this same timeframe (Count Two). Defendants Damion Knox (Counts Four, Nine, & Eleven), Chandler (Count Nine), Diop (Count Eleven), Crawford (Count Sixteen), Jordan (Count Seventeen), Johnson (Count Twenty-One), and Blackwell (Count Twenty-four) are charged with substantive counts of drug distribution. Defendants Damion Knox (Counts Ten & Twelve), Diop (Count Thirteen), Jordan (Counts Eighteen & Twenty), and Johnson (Count Twenty-two) are charged with possession of a firearm in furtherance of drug trafficking. Defendants Damion Knox (Count Fourteen) and Johnson (Count Twenty-three) are also alleged to have been a felon in possession of a firearm.

The undersigned has previously found [Doc. 323] that the discovery in this case is voluminous. The fourteen gigabytes of discovery includes information extracted from multiple cellular telephones. The Court observes that Attorney Lomonaco has yet to receive or review the discovery and that Attorney Joseph McAfee was appointed less than a month ago on December 23, 2019. These defense counsel need time to file and litigate pretrial motions. Additionally, Defendant Crawford filed a Motion to Suppress Evidence [Doc. 300] on November 1, 2019. The Court held an evidentiary hearing on this motion on December 17, 2019. *See* 18 U.S.C. § 3161(h)(1)(H). Defendant Crawford filed a request to submit additional exhibits on January 2, 2020, and a post-hearing brief on January 3, 2020. The Government did not object to the late exhibits,[3] but it did not respond to the post-hearing brief. At the January 31, 2020 motion hearing, the Court asked AUSA Jones to file a post-hearing brief and address the new exhibits within two weeks. Once the Court receives this response, it will need time to prepare a report and recommendation on the motion. *Id.* Thereafter, the parties will need time to file objections, and

---

[3] The Court accepted [Doc. 368] the late-filed exhibits.

3

the District Judge will need time to rule on the motion. *Id.* Finally, counsel will need time to prepare for trial in light of the Court's ruling on pretrial motions. The Court also needs time to rule on other pending pretrial motions filed by Defendant Diop and Crawford.[4] The Court finds that all of this cannot occur before the March 10, 2020 trial date. Accordingly, the Court finds that a trial continuance is warranted for defense counsel, particularly new counsel, to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court has also previously found [Doc. 323] this case to be complex for purposes of the Speedy Trial Act. This case involves twenty-three Defendants. The Superseding Indictment alleges drug and money laundering conspiracies spanning nearly a year and contains enhancements due to overdose deaths and forfeiture allegations. The discovery in this case is voluminous. Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court found "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). The undersigned continues to find that this case should be designated as "complex" for speedy trial purposes.

Finally, the Court finds that although Defendant Diop objects to a trial continuance, the time leading up to an August 4, 2020 trial date is also excludable as to him, because he is joined for trial with other codefendants for whom the time for trial has not run and from whom he has not been severed.[5] 18 U.S.C. § 3161(h)(6). Unlike some periods of delay automatically excluded by

---

[4] Former counsel for Defendant Damion Knox filed a Motion to Obtain Grand Jury Transcripts [Doc. 366], to which the Government has responded [Doc. 375] in opposition. Mr. Lomonaco is **DIRECTED** to file a notice indicating whether he will pursue this motion on behalf of Defendant Knox by the new motion deadline of March 20, 2020.

[5] Defendant Crawford recently filed a motion to be severed [Doc. 369] for a separate trial. This motion is not yet ripe.

4

the Speedy Trial Act, delay caused by joinder with a codefendant must be reasonable. *Henderson v. United States*, 476 U.S. 321, 327 (1986). The undersigned finds that the four and one-half-month period of delay, from the March 10 trial date, to permit counsel for codefendants to review discovery, file and litigate pretrial motions, and prepare for trial is reasonable, particularly given the large number of Defendants in this case. Accordingly, the Court finds the delay is also attributable to Defendant Diop, even though he objects to the motion to continue. *See* 18 U.S.C. § 3161(h)(6).

For the reasons discussed above, Defendant Damion Knox's motion to continue the trial and schedule in this case [**Doc. 358**] is **GRANTED**, and the trial is reset to **August 4, 2020**. The Court finds that all the time between the filing of the motion to continue on December 31, 2019, and the new trial date of August 4, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), -(6), & -(7)(A)-(B). Given this substantial continuance and the fact that all Defendants have now entered the case, the Court expects that this will be the final trial continuance in this case. The parties are cautioned that the Court will take into account the impact on the August 4, 2020 trial date, when considering any additional requests to substitute counsel.

With regard to additional scheduling in this case, the Government's deadline for responding to Defendant Crawford's post-hearing brief and late-filed exhibits is **February 14, 2020**. The deadline for filing pretrial motions is extended to **March 20, 2020**. Responses to motions are due on or before **April 3, 2020**. The parties are to appear before the undersigned for a motion hearing on any pending pretrial motions on **April 14, 2020, at 1:30 p.m.** The deadline for concluding plea negotiations and providing reciprocal discovery is **July 7, 2020**. The Court did not set a new final pretrial conference in this case. If the parties desire a final pretrial conference, they must contact Chambers at least three weeks prior to the trial date to schedule one.

All motions *in limine* must be filed no later than **July 20, 2020**. Requests for special jury instructions are due by **July 24, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Damion Knox's Motion to Continue Jury Trial and Plea Deadline [**Doc. 358, SEALED**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **August 4, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) This case is declared to be complex for purposes of the Speedy Trial Act;

(4) All time between the filing of the motion to continue on **December 31, 2019**, and the new trial date of **August 4, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for responding to Defendant Crawford's post-hearing brief and additional exhibits is extended to **February 14, 2020**;

(6) The deadline for filing pretrial motions is reset to **March 20, 2020**. Mr. Lomonaco is **DIRECTED** to file a notice indicating whether he will pursue the Motion to Obtain Grand Jury Transcripts [Doc. 366], filed by former counsel, by the new motion deadline. Responses to motions are due on or before **April 3, 2020**;

(7) The deadline for concluding plea negotiations and providing reciprocal discovery is **July 7, 2020**;

(8) The undersigned will hold a motion hearing on all pending pretrial motions on **April 14, 2020, at 1:30 p.m.**;

(9) Motions *in limine* must be filed no later than **July 20, 2020**;

(10) The parties must file any requests for special jury instructions with appropriate citations by **July 24, 2020**; and

(11) The Court expects that the continuation of the trial to **August 4, 2020**, will be the final trial continuance in this case, and the parties are cautioned that additional requests to substitute counsel may be denied, if they will adversely affect the trial date or schedule

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

7