IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No. 3:19-CR-65-TAV-DCP |
| DAMION E. KNOX, | ) | |
| VIRGIL L. CRAWFORD, | ) | |
| CIARA M. REYNOLDS, and | ) | |
| DARRON D. BLACKWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on December 17, 2020, for a telephonic status conference. *See* 28 U.S.C. § 636(b). Assistant United States Attorney Brent Nelson Jones appeared by telephone on behalf of the Government. The following defense counsel also appeared by telephone: Attorney A. Philip Lomonaco for Defendant Damion Knox; Attorney Joseph Oren McAfee appearing for Attorney Jessica Chambers McAfee, who represents Defendant Virgil Crawford; Mike Whalen for Defendant Ciara Reynolds; and Attorney Francis L. Lloyd, Jr., for Defendant Darron Blackwell. All Defendants were excused from this hearing.

The trial of this case is set for January 12, 2021. On November 30, 2020, Chief United States District Judge Travis R. McDonough issued Standing Order SO-20-21, continuing all jury trials from that date through January 15, 2021, due to increasing rates of COVID-19 infections across the district. Accordingly, the January 12, 2021 trial date must be continued. Before the start of the status conference, the parties agreed on a new trial date of May 4, 2021. During the hearing, Mr. McAfee stated that according to Ms. McAfee, Defendant Crawford is proceeding to

trial. He agreed that the May 4, 2021 trial date was available for Ms. McAfee. Mr. Lomonaco stated that he also had no conflict with the May 4, 2021 trial date. He said Defendant Knox is ready to go to trial but did not have "too much objection" to a continuance, given the circumstances. Mr. Whalen said he did not object to the new trial date, although Defendant Reynolds is also ready for trial. Mr. Lloyd had no objection to a trial continuance on behalf of Defendant Blackwell. AUSA Jones stated that the Government also had no objection to a change in the trial date in this case.

The Court finds a trial continuance is necessary and was not opposed by the parties. The Court finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The January 12, 2021 trial date must be continued, pursuant to SO-20-21. This Standing Order finds that due to the "reduced ability to obtain an adequate spectrum of jurors and the risks posed to the jurors and the public due to the increased prevalence of COVID-19 in all divisions, the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial" between November 30, 2020, and January 15, 2021. E.D.TN SO-20-21. The Standing Order states that the Court finds this time to be excluded under the Speedy Trial Act. E.D.TN SO-20-21.

Additionally, the Court finds that a continuance beyond January 2021 is necessary in this case. The Court observes that Defendant Crawford has filed a motion *in limine* [Doc. 533, SEALED], challenging the admissibility of certain evidence and requesting a pretrial hearing on the existence of the conspiracy. The Court has ordered [Doc. 566] the Government to file a response to this motion by December 28, 2020. The Court observes that litigation of this motion may require an evidentiary hearing and factual findings. Moreover, additional time will be

2

required, if Defendant Crawford's request for a pretrial hearing on the existence of the conspiracy is granted.[1]  Accordingly, the undersigned finds that additional time is necessary in order to litigate Defendant Crawford's motion *in limine*.  18 U.S.C. § 3161(h)(1)(D).  The Court also finds that the failure to give Defendant Crawford sufficient time to litigate the motion *in limine* could foreclose a potential defense and, thus, result in a miscarriage of justice.  18 U.S.C. § 3161(H)(7)(B)(i).  Accordingly, the Court finds that a continuance of the trial of this case to May 4, 2021, furthers the ends of justice.

The trial in this case is **CONTINUED** to **May 4, 2021**.  The Court finds that all the time between the December 17, 2020 scheduling conference and the new trial date of May 4, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B); E.D.TN SO-20-21.  During the telephonic hearing, the Court also set a new plea deadline and pretrial conference, which are set out below.

Accordingly, it is **ORDERED** as follows:

(1) The trial of this matter is **CONTINUED** and reset to commence on **May 4, 2021**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(2) All time between the **December 17, 2020** scheduling conference and the new trial date of **May 4, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(3) The deadline for filing a plea agreement in the record and providing reciprocal discovery is extended to **April 2, 2021**;

(4) The parties are to appear before the undersigned for a final pretrial conference on **April 16, 2021, at 10:30 a.m.**;

(5) Motions *in limine* must be filed no later than **April 19, 2021**; and

---

[1] The Court notes that pretrial hearings on the existence of the conspiracy are historically not held in this division.  Instead, the Court typically permits the Government to offer proof of co-conspirator statements subject to proving the conspiracy by the close of its proof in-chief.

3

(6) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **April 23, 2021**.

    **IT IS SO ORDERED.**

    ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

4