UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-65-TAV-DCP-20 |
| | ) | |
| DARRON D. BLACKWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is Defendant's pro se Motion for New Counsel [Doc. 654], filed on June 7, 2021. The parties appeared before the Court via videoconference for a motion hearing on June 24, 2021. Assistant United States Attorney Brent Jones represented the Government. Attorney Francis Lloyd, Jr. appeared on behalf of Defendant, who was also present. Attorney Dan Smith was also present.

In Defendant's pro se Motion for New Counsel [Doc. 654], Defendant requests that new counsel be appointed due to lapses in communication with Attorney Lloyd. During the June 24 hearing, the Government stated that it did not object to the request for new counsel. The Court then conducted a sealed, *ex parte* hearing to learn the nature and extent of the problems with the attorney-client relationship. Attorney Lloyd explained in greater detail several health-related concerns impacting his ability to communicate with Defendant, as well as made an oral motion to withdraw. The Court also questioned Defendant regarding his request for new counsel.

Based upon the representations of Attorney Lloyd and Defendant during the sealed portion of the hearing, the Court finds that the ability for Defendant and his counsel to communicate has

been significantly eroded due to his counsel's health issues, with no present prospect for improvement that would allow for repair of the attorney-client relationship. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Additionally, the Court finds that Attorney Lloyd has established good cause to withdraw.

Therefore, Defendant's Motion for New Counsel [**Doc. 654**] and Attorney Lloyd's oral motion to withdraw are **GRANTED**, and Attorney Lloyd is **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Smith agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Smith under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney Lloyd is **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Smith.

Accordingly, it is **ORDERED**:

(1) Defendant's Motion for New Counsel [**Doc. 654**] and Attorney Lloyd's oral motion to withdraw are **GRANTED**;

(2) Attorney Lloyd is **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible;

(3) Attorney Dan Smith is **SUBSTITUTED and APPOINTED** as counsel of record for the Defendant pursuant to the CJA.

**IT IS SO ORDERED**

ENTER:

Debra C. Poplin
United States Magistrate Judge